

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
MAY 2 5 2023
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | |
|---|---|
| Von Maxey And All Other Occupants<br><br>*Joint Petitioner(s),*<br><br>v.<br><br>PANGEA VINEYARDS APARTMENT BY PANGEA REAL ESTATE AS MANAGING AGENT,<br>DANIEL SANDLIN,<br>JERAMY FERGUSON,<br>ROBERT JAMES II,<br>JACOB BRADSHAW AND<br>BARRIE LANDROCK,<br><br>*Respondent(s).* | CASE NO:<br><br>1 : 23-CV- 0917 JPH mkk |

### JOINT NOTICE OF JOINT REMOVAL TO DISTRICT COURT OF THE UNITED STATES WITH ATTACHED AMENDED COUNTERCLAIM EXHIBIT A, AUGUST 8, 2021, NEGOTIABLE INSTRUMENT EXHIBIT B AND DIVERSITY TABLE EXHIBIT C TO STAY STATE COURT PROCEEDINGS AND TO CONSOLIDATE WITH PENDING FEDERAL CAUSE # No. 1:22-cv-1274 AND 22-3254 UNDER FED.R.Civ.P. Rule 42(a)

Now Comes natural persons Von Maxey And All Other Occupants ("herein after" Joint Defendants Von Maxey And All Other Occupants or Joint Petitioners), Hebrew Israelite transient foreign nationals by blood of the Hebrew Israelite Kingdom/Nation, tribe of Judah ("hereinafter" Yahadah) and the Second March To Exodus Movement (SMTOEM) of the Holy Bible, Sui Generis natural persons, in Propria Persona, proceeding Sui Juris, dual "American National Republics," lawful transient foreigners, sovereign national Hebrew Israelite Ambassadors. (Ephesians 6:18-20 (KJV)) dual American national republics of the several states of the union North America by birth by special appearance and/or limited appearance, under Spiritual, Customary International Law and Federal Common Law procedurally and Jurisdictional files Joint Notice of filing Joint




Notice of removal of the Lawrence Township Small Claims Court of Marion County civil matter, Docketed Cause # 49K03-2304-EV-001003, in the separate and pending civil related action involving "common questions of law, diversity or fact" with federal cases # No. 1:22-cv-1274, (Judge James T. Sweeney II presiding) and the Seventh Circuit Court of Appeals, No. 22-3254 pending in those jurisdiction with Joint Notice of filing Joint Notice of removal to the alleged Plaintiff(s)/Respondent(s) and to this Court as follows:

## STATEMENT OF THE CASE AND JURISDICTION

1. Natural persons Von Maxey And All Other Occupants by "Special Appearance" and/or "Limited Appearance" Jointly remove this "Notice of Claim For Possession of Real Estate and Summons" matter to federal court for declaratory Judgment to enjoin Plaintiffs from enforcing a void and expired Negotiable Instrument they filed in the Lawrence Township Small Claims Court of Marion County civil matter Docketed Cause # 49K03-2304-EV-001003 on April 20, 2023. There is a Alien Tort Statute (ATS), 28 U.S.C. § 1331 federal question, Article III, Section 2 (not 28 U.S.C. 1332) diversity, Foreign Sovereign Immunities Act (FSIA) action pending against Respondent "PANGEA REAL ESTATE," federal cases # No. 1:22-cv-1274, (Judge James T. Sweeney II presiding) and the Seventh Circuit Court of Appeals, Appeal No. 22-3254 for violations of Spiritual, Customary International Law, violations of the law of nations or a treaty of the United State and Federal Common Law. Joint Petitioners seeks to consolidate the civil state court action civil matter Docketed Cause # 49K03-2304-EV-001003 with the federal cause of action cases # No. 1:22-cv-1274, (Judge James T. Sweeney II presiding) and the Seventh Circuit Court of Appeals, No. 22-3254.

2. Before it was changed to the United States "Postal Service," of the federal government, it was the Post Office Department of the executive branch of the United States




federal government created in 1792 with the passage of the Postal Service Act. It was elevated to a cabinet-level department in 1872, and was transformed by the Postal Reorganization Act of 1970 into the U.S. Postal Service as an independent federal agency. See "Postal Reorganization Act", Section 403, (Public Law, 92-375). Joint Petitioners do not reside in a "federal district of the District of Columbia".

3. On July 1, 1963 the Post Office Department introduced the Zone Improvement Plan (ZIP) Code for the UNITED STATES District of Columbia, and any commonwealth, territory, or possession, including the States (states) of the union. Properly construed, ZIP Codes can only be applicable in Federal territories and enclaves that may be located within the 50 States of the Union, and to the "United States" and District of Columbia and its territories -- cf. *Piqua Bank v. Knoup*, 6 Ohio 342, 404 (1856) and *U.S. v. Butler*, 297 U.S. 1, 63 (1936) to the effect that "in every state there are two governments; the state and the United States." Therefore, ZIP Code addresses are for the corporate "United States" and its agents (for example, a customs and duty collector at New York harbor, when they move out into the States of the Union to perform functions delegated to the "United States" by the National/Federal Constitution, or the Pennsylvania Department of Transportation, Bureau of Motor Vehicles, or a U.S. Congressman). *Id.*

4. It is these Joint Petitioners' opinion, both as a result of study, e.g. of page 11 of the National Area ZIP Code Directory; of 26 U.S.C. 7621; of Section 4 of the Federal Register, Volume 51, Number 53, of Wednesday, March 19, 1986, Notices at pages 9571 through 9573; of Treasury Delegation Order (TDO) 150-01; of the opinion in *United States v. LaSalle National Bank*, 437 U.S. 298, 308, 98 S.Ct.2d 2357, 57 L.Ed.2d 221 (1978); of 12 U.S.C. 222; of 31 U.S.C. 103; and as a result of Joint Petitioners' actual experience, that a ZIP Code address is

 

presumed to create a "Federal jurisdiction" or "market venue" or "revenue districts" that override State boundaries, taking one who uses such modes of address outside of a State venue and its constitutional protections and into an international, commercial venue involving admiralty concerns of the "United States", which is a commercial corporation domiciled in Washington, D.C. *Id.* In 1871 congress reconvened and passed what was called the United States Reorganization act of 1871, also known as the Act to provide a municipal government for the District of Columbia. However, this government was different; it was structured as a foreign owned CORPORATION and called the UNITED STATES! 28 U.S. Code § 3002 (15) (A) (B) (C).

**Subchapter I. District of Columbia Establishment.**

§ 1–101. Territorial area. The District of Columbia is that portion of the territory of the United States ceded by the State of Maryland for the permanent seat of government of the United States, including the river Potomac in its course through the District, and the islands therein.

§ 1–102. District created body corporate for municipal purposes. The District is created a government by the name of the "District of Columbia," by which name it is constituted a body corporate for municipal purposes, and may contract and be contracted with, sue and be sued, plead and be impleaded, have a seal, and exercise all other powers of a municipal corporation not inconsistent with the Constitution and laws of the United States and the provisions of this Code.

5.  For the purpose of this lawful federal question, diversity and for other grounds below, Joint Petitioners of the Hebrew Israelite Kingdom/Nation, domiciled in the Kingdom of heaven right here on earth, in the United States of America, North America, State of Indiana, Indianapolis, 10033, Montery Road, Unit B, Zip Code Exempt pursuant to Postal Service Domestic Mail Manual [DMM 602 1.3e(2)] within the Federal/general government of the states of the union, If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature): and 28 U.S.C. 1746(1).




6. Joint Petitioners are 8 U.S.C. § 1101(a) (14) (21) foreign state nationals as Defined in 8 U.S.C. § 1101(a) (14) "foreign state" (21) "national" (The term "national" means a person owing permanent allegiance to a state) and defined in section 101(a)(21) of the Immigration and Nationality Act (INA);

7. Joint Petitioners are non-citizen nationals as defined in 8 U.S.C. § 1452, non-U.S. and stateless citizen of 8 U.S.C. 1401 (not so-called sovereign citizens etc.);

8. Joint Petitioners are non-U.S. citizens and Stateless in relation to the UNITED STATES as defined in and pursuant to 8 U.S.C. §1401.

9. For the purpose of this lawful removal, Respondents are located within the Federal Zip code zone of the UNITED STATES, the national government of the District of Columbia, and any commonwealth, territory, or possession, THE STATE OF INDIANA pursuant to 18 U.S.C. § 31(9) (10), a foreign State within the national government.

10. Respondents are residents of the UNITED STATES. The term "State" means a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States. 18 U.S.C. § 31(9) (10) and If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). 28 U.S.C. 1746(2),

11. This removal is brought pursuant to Joint Petitioners exercising of their natural conscious inherent and inalienable fundamental international rights to the United Nations (UN) Charter (1945) express position, peoples have the right to self-determination pursuant to Article 1 of Chapter 1, and autonomy.

12. The Removal is brought requiring interpretation for freedom from slavery, the appearance of slavery or servitude as interpreted in Article 2 of the 1926 Slavery Covenant.

 

13. The Removal is brought requiring interpretation of Article 4 and Article 19 of the Universal Declaration of Human rights (UDHR).

14. The Removal is brought requiring interpretation of Article 1., 1, Article 8 and Article 19 of the international Covenant on Civil and Political Rights (ICCPR).

15. "By the authority vested in me as President by the Constitution and the laws of the United States of America, and bearing in mind the obligations of the United States pursuant to the International Covenant on Civil and Political Rights." (ICCPR). EXECUTIVE ORDER 13107. Administration of William J. Clinton, 1998. The White House, December 10, 1998. [Filed with the Office of the Federal Register, 8:45 a.m., December 14, 1998], published in the Federal Register on December 15.

16. This Removal is brought for their belief and freedom of expression(s), freedom of conscious, and freedom of speech to follow the Most High I Am That I Am (Ahayah Ashar Ahayah) Exodus 3:13-14 (KJV), international law and the law of nations.

17. This removal is brought pursuant to the Foreign Sovereign Immunities Act (FSIA).

18. FSIA provides that any civil action brought in state court against a foreign state "may be removed by the foreign state" to federal court pursuant to 28 U.S.C. § 1441(d) before trial of the action in State court.

19. Federal courts "have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state." 28 U.S.C. 1603(a), 28 U.S.C. 1330(a).

20. 28 U.S.C. § 1441(d) does not provide for any party other than the sovereign to remove the action.

 

## VENUE

21. Venue is proper in this District under 28 U.S.C. §1391 (b) in that all, or a substantial part of the acts and omissions forming the basis of these claims, occurred in the Southern District of Indiana.;

22. Venue is proper in this District under 28 U.S.C. § 1746(1) in that it's executed within the United states of America under common law;

23. Venue is proper in this District under 18 U.S. Code § 878(a)(b)(c)(d) for threats and extortion against foreign officials, official guests, or internationally protected persons;

24. Venue is proper in this District under 18 U.S. Code § 112(a)(b)(1)(2) for protection of an internationally protected persons;

25. Venue is proper in this District under 18 U.S. Code § 1116(b)(1)(2)(3)(A)(B)(4)(A)(B) definition and protection of International protected persons;

26. Venue is proper in this District under 18 U.S. Code § 1201 – Kidnapping of IPPs;

27. Venue is proper in this District under 8 U.S.C. §1401, Joint Petitioners are transit foreigners, non-"U.S.** Stateless citizens;

28. Venue is proper in this District under original Diversity, Article III, Section 2 in that there is complete lawful diversity Joint Petitioners are U.S. Stateless, foreign state national as Defined in 8 U.S.C. § 1101(a) (14) "foreign" (21) "state national";

29. Venue is proper in this District under 8 U.S.C. § 1452, Joint Petitioners are non-citizen nationals;

30. This Court has jurisdiction to issue the requested declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

 

31. This District Court of the United States have federal question jurisdiction pursuant to 28 U.S.C §§ 1331. *See City of Warren v. City of Detroit*, 495 F.3d 282 (6th Cir. 2007).

32. This District Court of the United States have federal question Jurisdiction to upheld the U.S. court's subject matter jurisdiction, based on the *Hague Convention* and the *International Convention Against the Taking of Hostages* referred to above (924 F2d at 7, 12-13), that the victim's state of nationality may exercise jurisdiction.

33. This District Court of the United States have federal question Jurisdiction pursuant to the principles in *Monell v New York City Dept. of Social Services*, 436 US 658 (1978); *Ex Parte Young* 209 U.S. 123 (1908) and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

34. This Court has jurisdiction to issue the requested declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and a speedy hearing pursuant to Fed.R.Civ.P. Rule 57.

## GROUNDS FOR REMOVAL

35. Joint Petitioner remove this matter for declaratory relief, pursuant to the Declaratory Act, presenting international law federal questions beyond the narrow confines of respondent's charges attempting in bad faith to enforce a void and expired Negotiable Instrument through forum shopping against Joint Petitioners while similar litigations are pending in federal courts. See District Court Case # No. 1:22-cv-1274, (Judge James T. Sweeney II presiding) and the pending Seventh Circuit Court of Appeals. Appeal No. 22-3254 involving similar matters. Petitioner filed their instant action with the Clerk of Court of the United States District Court for the Southern District of Indiana, Indianapolis Division on June 27, 2022 and notice of appeal on December 20, 2022. Respondents filed their action with the Clerk of Court of Lawrence Township Small

 

Claims Court of Marion County on April 20, 2023. Plaintiffs never became aware of State Court Plaintiffs filing until Friday May 19, 2023 and immediately filed a defense, answer and counterclaim with the Clerk of Court on Monday May 22, 2023. Petitioners were never properly served with service or process service. Petitioners removed this matter on May 25, 2023.

36. This Court has jurisdiction to hear violations of natural inherent and inalienable fundamental international rights to the United Nations (UN) Charter (1945) express position, peoples have the right to self-determination pursuant to Article 1 of Chapter 1 and autonomy.

37. This Court has jurisdiction to interpretate Article 4 and Article 19 of the Universal Declaration of Human rights (UDHR).

38. This Court has to interpret Article 1. 1, Article 8. 1. 1, and Article 19 treaties of the international Covenant on Civil and Political Rights (ICCPR).

39. This Court has jurisdiction to hear violation of Federal Titles(s) 8 U.S.C. §§ 1101(a) (14) (21); 8 U.S.C. 1401; 8 U.S.C. 1452; 18 U.S.C. 241; 18 U.S.C. §§ 242; 18 U.S.C. 245(b)(2)(E); 28 U.S.C. 1746(1), and 42 U.S.C. 1983.

40. This Court has jurisdiction to interpretate for freedom from slavery, the appearance of slavery or servitude as interpreted in Article 2 of the 1926 Slavery Covenant,

41. The removal of the State civil matter is within thirty (30) days and before trial of the action pursuant to 28 U.S.C. § 1446(b). There is a federal appeal pending with the Seventh Circuit Court of Appeals, No. 22-3254, for violations of Spiritual, Customary International Law, the law of nations or a treaty of the United States, Federal Common law, and federal declaratory judgment pursuant to the Act of State Doctrine cannot be enforced in State court as a matter of Federal Common Law.

 

42. Joint Petitioners cannot enforce in the courts of the State rights under laws providing for the equal civil rights of foreign National Republics of the United State pursuant to 28 U.S. Code §§ 1350, the Alien Tort Statute (ATS), 28 U.S.C. § 1331 federal question and diversity because of prejudice or bias against out-of-state-defendants.

## STAY OF STATE PROCEEDINGS

43. Joint Petitioners pursuant to 28 U.S. Code § 2283, seek a stay of state court proceedings having a chilling effect upon Joint Petitioners' Spiritual, Customary International Law, United States Constitutional and Federal Common Law protected rights and nationality sufficient to constitute irreparable injury, warranting Declaratory relief;

## CONSOLIDATION OF INTERNATIONAL MATTERS

44. Joint Petitioners pursuant to pursuant to Fed.R.Civ.P. Rule 42(a) seeks consolidation of Docket Case # 49K03-2304-EV-001003, separate and pending alleged international related action involving "common questions of law or fact with pending federal cases # No. 1:22-cv-1274, (Judge James T. Sweeney II presiding) and the Seventh Circuit Court of Appeals, Appeal No. 22-3254.

45. Joint Petitioners request pursuant to 28 U.S.C. § 1447(b), that a writ of certiorari be issued by this District Court to State court to file with its clerk, copies of any and all records and proceedings of State court;

46. Joint Petitioners request pursuant 28 U.S.C. § 2284, a three-judge court be convened for a Fed.R.Civ.P. Rule 57 speedy hearing of prayer for declaratory relief.

**WHEREFORE**, Joint notice is hereby given that this action is removed from the State Court to this Court's original exclusive jurisdiction over International Law interpretation for

 

violations of the law of nations or a treaty of the United States forceful and non-consenting to being sued in State court.

May 25, 2023

Respectfully Submitted

By: _____
Von Maxey And All Other Occupants
Hebrew Israelite Kingdom/Nation
Uniform Commercial Code UCC 1-201(39);
UCC 3-401 and UCC 3-402(b)(1); UCC 1-308

In c/o 10033 Monterey Road., Unit B
Non-Domestic-Without US, 28 U.S.C. 1746(1)
Indianapolis, Indiana zip code exempt
[DMM 602 1.3e(2)]
Real Land North America
Phone: (443) 350-4567
Email: Achashverosh@hotmail.com

Joint Counter Defendants

 

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the "Joint Notice of Filing Joint Removal to District Court of the United States with attached amended counterclaim, Exhibit A, the August 8, 2021, Negotiable Instrument Exhibit B and Diversity Table Exhibit C, with all pleadings filed, request to Stay State Court Proceedings and to consolidate with pending federal cases # No. 1:22-cv-1274 and 22-3254 UNDER FED.R.Civ.P. Rule 42(a) were mailed and emailed on May 25, 2023, 2023 to the following.

Daniel W. Sandlin
Jeramy Ferguson
Robert James II
Jacob Bradshaw
Barrie Landrock
7753 East 88th Street
Indianapolis, Indiana 46256
Phone: 317-383-4444
Fax: 317-399-6982
Email: dan@sandlingroup.com
Email: gamamama1@gmail.com

By: _____
Von Maxey And All Other Occupants
Hebrew Israelite Kingdom/Nation
Uniform Commercial Code UCC 1-201(39);
UCC 3-401 and UCC 3-402(b)(1); UCC 1-308

In c/o 10033 Monterey Road., Unit B
Non-Domestic-Without US, 28 U.S.C. 1746(1)
Indianapolis, Indiana zip code exempt
[DMM 602 1.3e(2)]
Real Land North America
Phone: (443) 350-4567
Email: Achashverosh@hotmail.com