UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VON MAXEY AND ALL OTHER OCCUPANTS, ) ) ) | |
| Petitioner, ) ) | |
| v. ) ) | No. 1:23-cv-00917-JPH-MKK |
| PANGEA VINEYARDS APARTMENT BY ) PANGEA REAL ESTATE AS MANAGING ) AGENT, ) DANIEL SANDLIN, ) JERAMY FERGUSON, ) ROBERT JAMES, II, ) JACOB BRADSHAW, ) BARRIE LANDROCK, ) ) | |
| Respondents. ) | |

**ORDER TO SHOW CAUSE**

Von Maxey "and all other occupants" removed this case from Lawrence Township Small Claims Court of Marion County on May 25, 2023. Dkt. 1. However, it does not appear that this Court can exercise subject-matter jurisdiction over this lawsuit. Therefore, Mr. Maxey shall have **through July 5, 2023, in which to show cause** why this case should not be remanded for lack of subject-matter jurisdiction.

## I. Applicable Law

Because federal courts are of limited jurisdiction, "district courts may not exercise jurisdiction absent a statutory basis." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Congress granted federal courts a statutory basis for jurisdiction primarily over two types of cases: cases "arising

1

under" federal law, 28 U.S.C. § 1331, and cases where the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties. 28 U.S.C. § 1332(a). "These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." *Home Depot*, 139 S. Ct. at 1746.

When a case is removed to federal court, jurisdiction is determined "by looking at the complaint *as it existed at the time the petition for removal was filed.*" *United Farm Bureau Mut. Ins. Co. v. Metropolitan Human Relations Comm'n*, 24 F.3d 1008, 1014 (7th Cir. 1994). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Centers Inc.*, 577 F.3d 752 (7th Cir. 2009). If at any time the court lacks subject-matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c).

## II.   Discussion

The underlying complaint in this suit is a "Notice of Claim for Possession of Real Estate and Summons" filed against "Von Maxey and all other occupants" by Pangea Vineyards Apartments on April 19, 2023. Dkt. 1-2 at 1. The notice states that the occupants are behind on rent payments and owe the apartment $1,676.42. *Id.* The notice seeks "judgment for possession of the premises and for said damages." *Id.*

The notice never asserts any federal question, 28 U.S.C. § 1331, nor does it contain allegations that would allow the Court to assess diversity of citizenship, 28 U.S.C. § 1332. Finally, the notice alleges that the occupants

owe $1,676.42 and other costs associated with the lease and lawsuit.  Dkt. 1-2 at 1.  Thus, the likelihood that the suit will ever exceed the required amount in controversy limit is remote.  28 U.S.C. § 1332(a).

For all these reasons, it does not appear that this Court can exercise subject-matter jurisdiction over this lawsuit and the case should likely be remanded to state court.  28 U.S.C. § 1447(c) (if at any time the court lacks subject-matter jurisdiction, "the case shall be remanded.").

Because the "party seeking removal has the burden of establishing federal jurisdiction," *Schur*, 577 F.3d at 758, Mr. Maxey shall have **through July 5, 2023**, to show cause why this case should not be remanded lack of subject-matter jurisdiction.  If he fails to respond by that date or fail to cure the defects identified in this order, the case will be remanded to state court.

**SO ORDERED.**

Date: 6/13/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

VON MAXEY AND ALL OTHER OCCUPANTS
10033 Monterey Road
Unit B
Indianapolis, IN 46235

Daniel William Sandlin
SANDLIN LAW OFFICE
24 E. 16th Street
Indianapolis, IN 46202